UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> ANTONIO DOUGLAS, ) <br> ) <br> Defendant. ) <br> ) | Criminal No. 08-013 (RCL) <br><br> FILED <br> MAR - 3 2008 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

## MEMORANDUM AND ORDER

Defendant Antonio Douglas has been charged with conspiracy to transport stolen goods, interstate transportation of stolen goods and aiding and abetting, and unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year.[1] Following a hearing on February 29, 2008, this Court ordered that the defendant be detained pending trial, pursuant to 18 U.S.C. § 3141. Upon consideration of the arguments and proffers at the hearing, this Court finds that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the Court ORDERS that the defendant be detained without bond pending trial.

## DISCUSSION

Under the Bail Reform Act,[2] in order to detain a defendant pretrial, the government bears the burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e).

---

[1] These counts are in violation of 18 U.S.C. § 371, 18 U.S.C. § 2314 and 2, and 18 U.S.C. § 922(g)(1).

[2] 18 U.S.C. § 3141 *et seq.*

The facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). Pursuant to 18 U.S.C. § 3142(f)(1)(E), the government may request detention in a case that involves "any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm or destructive device." 18 U.S.C. § 3142(f)(1)(E). Upon motion of the government, "the judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(1). Further, the Court must conduct an independent assessment of four factors listed in § 3142(g) to determine whether pretrial detention is appropriate.[3]

      The evidence in this case is sufficient to conclude that no condition or set of conditions will reasonably assure the safety of the community. At the hearing, the government represented that the facts giving rise to the indictment occurred while defendant was on supervised release following his conviction in a Montgomery County, Maryland court for conspiracy to commit theft. Further, the government made unopposed representations that in the instant matter, defendant has been charged with a conspiracy that has uncovered 22 firearms, in addition to the firearm that was seized from defendant's residence. Moreover, the government asserted that it has two videotapes of defendant committing theft in retail establishments during business hours and in the presence of the public. These factors, taken together, establish that there are no set of

---

[3] Those factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

2

conditions that this Court can impose that would assure the safety of the community.

The Court must now independently assess the four factors enumerated in § 3142(g) to determine whether the evidence clearly and convincingly supports the facts used to support the Court's finding. Here, the evidence supports a finding of potential danger to the community and weighs in favor of the defendant's detention pending trial. First, the nature and circumstances of the offenses charged against the defendant favor detention. Defendant has been charged with, *inter alia*, unlawful possession of a firearm by a convicted person. Further, the defendant is charged with a conspiracy that involves 22 firearms—all of which pose a danger to the community. As such, the circumstances surrounding defendant's charged offenses demonstrate that defendant is dangerous to other individuals in the community.

Second, the weight of the evidence against the defendant also favors detention. The government represents that it has videotape footage of defendant committing acts of theft in retail establishments. Additionally, the government seized a firearm and ammunition from defendant's residence. Defendant's possession of a firearm was prohibited not only because of his status as a convicted felon, but also because the possession occurred in the District of Columbia where firearms are patently illegal.

Third, the nature and seriousness of the danger to the community that would be posed by the defendant's release also weighs significantly in favor of the government. The sheer number of weapons involved in the alleged conspiracy, the firearm and ammunition found in defendant's residence, and defendant's alleged participation in acts of theft in public places clearly show that the defendant is a danger to the community.

Finally, the Court must consider the history and characteristics of the defendant, including

his ties to the community.  Defendant has two prior felony convictions for conspiracy theft and conspiracy robbery.  Defendant has numerous other arrests for, *inter alia*, possession of a controlled substance, reckless driving, and possession of an open container of alcohol.  Defendant's criminal history, combined with the weight of the evidence against the defendant and the nature and seriousness of the danger posed by defendant's release all weigh in favor of detention.

## **CONCLUSION**

For the aforementioned reasons, the Court finds that pretrial detention of the defendant is appropriate in this case because there is clear and convincing evidence that no conditions of release will reasonably assure the safety of the community.  Accordingly, it is hereby

ORDERED that the defendant be detained without bond pending trial.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on March 3, 2008.